## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **JOSHUA KRAKOW**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**DOWNTOWN HOUSE OF PIZZA, LLC**, a<br>Florida limited liability company,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:19-cv-312**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **JOSHUA KRAKOW** ("KRAKOW" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1.      This is an action brought under the Americans with Disabilities Act (ADAAA) and the Florida Civil Rights Act (FCRA) for (1) disability discrimination in violation of the ADAAA, (2) disability discrimination in violation of the FCRA, (3) retaliation in violation of the ADAAA, and (4) retaliation in violation of the FCRA.

### PARTIES

2.      The Plaintiff, **JOSHUA KRAKOW** ("**KRAKOW**") is an individual and a resident of Florida who currently resides, and at all material times resided, in Lee County, Florida.

3.      Defendant, **DOWNTOWN HOUSE OF PIZZA, LLC** ("**DOWNTOWN**") is a Florida limited liability company that employed **KRAKOW** in Lee County, Florida.

4.     At all material times, **DOWNTOWN** employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.     This Court has supplemental jurisdiction over **KRAKOW**'s state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Lee County, and **DOWNTOWN** conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

8.     **KRAKOW** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on February 22, 2019 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS

9.     **KRAKOW** began his employment with **DOWNTOWN** in November 2017 and was employed as a restraint hand.

10.     **KRAKOW** always performed his assigned duties in a professional manner and was very well qualified for his position, despite being a qualified person with a disability.

11.     **KRAKOW** is an amputee and thus has severe impairments of his musculo-skeletal systems, which impacts his ability to perform major life activities, such as moving.

12.     **KRAKOW** has a history of these impairments that limits major bodily functions and several major life activities. **KRAKOW**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

13.     Shortly after being hired, **KRAKOW** began to become subject to discrimination on the basis of his disability.

14.     Specifically, **KRAKOW**'s co-worker, in the presence of a supervisor, would wrap pizza dough around his prosthesis, which his co-workers found funny because **KRAKOW** could not feel it and did not notice the dough for an extended period of time.

15.     Another co-worker would take photos of this and also of **KRAKOW**'s attempts to squat to pick things up, which his co-workers found funny because **KRAKOW** cannot squat the way a non-amputee can.

16.     Also, the supervisor would mock **KRAKOW**'s disability, despite **KRAKOW**'s objections to the same.

17.     When **KRAKOW** would object, the harassment only worsened.

18.     Often retaliation and harassment was done via a group text message with the Defendant's employees.

19.     In those text messages, which included Defendant's managers, **KRAKOW** was referred to as a "pussy ass gimp," "the fuking [sic] cripple," "gimpy" and "a 1 legged, annoy af dude."

20.     **KRAKOW** was also told: "Your [sic] not as smart as you think…. If you were, you'd still have 2 legs."

21.     As a result of the intolerable workplace conditions, **KRAKOW** contacted the Defendant's owner to report the severe and pervasive harassment, indicating that **KRAKOW** would have to resign if this continued.

22.     In response, the Defendant's owner refused to listen to **KRAKOW** and informed him that it sounded like he was quitting so he considered **KRAKOW** to have resigned. The Defendant terminated **KRAKOW** on May 31, 2018.

23.     Later that same day, and in reference to the settlement **KRAKOW** received as a result of the motorcycle accident that left him an amputee, his supervisor then texted **KRAKOW** that "eventually you will run out of limbs."

24.     **KRAKOW** was further told in a text message that it was a good thing he resigned because "[his] 1 leg to stand on would get kicked out," and that "when a cripple joins in its [sic] nothing but laughs."

25.     At all material times, the Defendant was aware of **KRAKOW**'s disabilities, which are the bases for its discriminatory employment practices toward him.

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

26.     Plaintiff incorporates by reference Paragraphs 1-25 of this Complaint as though fully set forth below.

27.     At all relevant times, **KRAKOW** was an individual with a disability within the meaning of the ADAAA.

28.     Specifically, **KRAKOW** has physical impairments that substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

29.     **KRAKOW** is a qualified individual with disabilities as that term is defined in the ADAAA.

30.     **KRAKOW** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with **DOWNTOWN**.

31.     At all material times, **KRAKOW** was an employee and **DOWNTOWN** was his employer covered by and within the meaning of the ADAAA.

32.     **DOWNTOWN** was made aware and was aware of **KRAKOW**'s disabilities, which qualify under the ADAAA.

33.     **DOWNTOWN** discriminated against **KRAKOW** with respect to the terms, conditions, and privileges of employment because of his disabilities.

34.     **DOWNTOWN** conducted itself with malice or with reckless indifference to **KRAKOW**'s federally protected rights.

35.     **DOWNTOWN** discriminated against **KRAKOW** in violation of the ADAAA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

36.     The conduct of **DOWNTOWN** altered the terms and conditions of **KRAKOW**'s employment and **KRAKOW** suffered negative employment action in the form of discipline and termination.

37.     As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **KRAKOW** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

38.     As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KRAKOW** is entitled to all relief necessary to make him whole.

5

39.     As a direct and proximate result of the Defendant's actions, **KRAKOW** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

40.     **KRAKOW** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages;

viii.   Punitive damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

41.     Plaintiff incorporates by reference Paragraphs 1-25 of this Complaint as though fully set forth below.

42.     At all relevant times, **KRAKOW** was an individual with a disability within the meaning of the FCRA.

43.     Specifically, **KRAKOW** has physical impairments that substantially limit one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such impairments.

44.     **KRAKOW** is a qualified individual with disabilities as that term is defined in the FCRA.

45.     **KRAKOW** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of his own job with **DOWNTOWN**.

46.     At all material times, **KRAKOW** was an employee and **DOWNTOWN** was his employer covered by and within the meaning of the FCRA.

47.     **DOWNTOWN** was made aware and was aware of **KRAKOW**'s disabilities, which qualify under the FCRA.

48.     **DOWNTOWN** discriminated against **KRAKOW** with respect to the terms, conditions, and privileges of employment because of his disabilities.

49.     **DOWNTOWN** conducted itself with malice or with reckless indifference to **KRAKOW**'s protected rights under Florida law.

50.     **DOWNTOWN** discriminated against **KRAKOW** in violation of the FCRA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

51.     The conduct of **DOWNTOWN** altered the terms and conditions of **KRAKOW**'s employment and **KRAKOW** suffered negative employment action in the form of discipline and termination.

52.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **KRAKOW** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

53.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KRAKOW** is entitled to all relief necessary to make him whole.

54.     As a direct and proximate result of the Defendant's actions, **KRAKOW** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

55.     **KRAKOW** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages;

viii.   Punitive damages, and;

ix.     Such other relief as this Court shall deem appropriate.

### COUNT III – VIOLATION OF THE ADAAA- RETALIATION

56.     Plaintiff incorporates by reference Paragraphs 1-25 of this Complaint as though fully set forth below.

57.     Following **KRAKOW**'s objection to disability discrimination, **DOWNTOWN** retaliated by altering the terms and conditions of his employment by terminating **KRAKOW**.

58.     **KRAKOW**'s objection to disability discrimination constitutes a protected activity because such objections were in furtherance of rights secured to him by law.

59.     Said protected activity was the proximate cause of **DOWNTOWN**'s negative employment actions against **KRAKOW** including changed working conditions, discipline, and ultimately termination.

60.     Instead of ceasing its disparate treatment based upon disability, **DOWNTOWN** retaliated against **KRAKOW** via changed working conditions, discipline, and termination.

61.     The acts, failures to act, practices and policies of **DOWNTOWN** set forth above constitute retaliation in violation of the ADAAA.

62.     As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **KRAKOW** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

63.     As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KRAKOW** is entitled to all relief necessary to make him whole as provided for under the ADEA and ADAAA.

64.     As a direct and proximate result of **DOWNTOWN**'s actions, **KRAKOW** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

65.     **KRAKOW** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v.    Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.    Reasonable attorney's fees plus costs;

vii.    Compensatory damages;

viii.    Punitive damages, and;

ix.    Such other relief as this Court shall deem appropriate.

## <u>COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION</u>

66.    Plaintiff incorporates by reference Paragraphs 1-25 of this Complaint as though fully set forth below.

67.    Following **KRAKOW**'s objection to disability discrimination, **DOWNTOWN** retaliated by altering the terms and conditions of his employment by terminating **KRAKOW**.

68.    **KRAKOW**'s objection to disability discrimination constitutes a protected activity because such objections were in furtherance of rights secured to him by law.

69.    Said protected activity was the proximate cause of **DOWNTOWN**'s negative employment actions against **KRAKOW** including changed working conditions, discipline, and ultimately termination.

70.    Instead of ceasing its disparate treatment based upon disability, **DOWNTOWN** retaliated against **KRAKOW** via changed working conditions, discipline, and termination.

71.    The acts, failures to act, practices and policies of **DOWNTOWN** set forth above constitute retaliation in violation of the FCRA.

11

72.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **KRAKOW** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

73.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **KRAKOW** is entitled to all relief necessary to make him whole as provided for under the FCRA.

74.    As a direct and proximate result of **DOWNTOWN**'s actions, **KRAKOW** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

75.    **KRAKOW** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.  Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.  Reasonable attorney's fees plus costs;

vii.  Compensatory damages;

viii.  Punitive damages, and;

ix.  Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: May 10, 2019

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com